IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ANTHONY LAWSON, | § | CV NO. 5:15-CV-481 |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| GEICO, | § | |
| | § | |
| Defendant. | § | |
| _____ | § | |

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FOR
INSUFFICIENT SERVICE OF PROCESS

Before the Court is a Motion to Dismiss for Insufficient Service of Process filed by Defendant GEICO ("Defendant") on July 14, 2015.  (Dkt. # 6.) Plaintiff Anthony Lawson ("Plaintiff") has filed no response.  Pursuant to Local Rule CV-7(h), the Court finds this matter suitable for disposition without a hearing.  After careful consideration of the Motion and the record of service, the Court, for the reasons that follow, **GRANTS** Defendant's Motion to Dismiss for Insufficient Service of Process.

Plaintiff filed a Complaint in this Court on June 10, 2015, alleging that Defendant failed to extend him qualifying leave under the Family Medical Leave Act and engaged in discrimination in violation of the Americans with Disabilities Act.  (Dkt. # 4.)  On the same date, United States Magistrate Judge

1

Pamela Mathy granted Plaintiff's motion to proceed informa pauperis and denied his motion for appointment of counsel.  (Dkt. # 3.)

On June 11, 2015, the Clerk issued a Summons on behalf of Plaintiff addressed to Defendant's counsel Kimberly S. Moore at Strasburger Attorneys at Law, 2801 Network Blvd Suite 600, Frisco, Texas 75034-1872.  (Dkt. # 5.)  Ms. Moore received the Summons on June 23, 2015.  (Dkt. # 9.)  Defendant argues that Ms. Moore is not a registered agent and is not otherwise authorized to receive service on its behalf, and that Plaintiff's Complaint should therefore be dismissed for insufficient service of process.

Under Federal Rule of Civil Procedure 12(b)(5), a district court may dismiss a case for insufficient service of process.  Fed. R. Civ. P. 12(b)(5); Kreimerman v. Casa Veerkamp, S.A. de C.V., 22 F.3d 634, 645 (5th Cir. 1994).  "In the absence of service of process . . . a court ordinarily may not exercise power over a party the complaint names as defendant."  Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999).  "When service of process is challenged, the serving party bears the burden of proving its validity or good cause for failure to effect timely service."  Sys. Signs Supplies v. U.S. Dep't of Justice, 903 F.2d 1011, 1013 (5th Cir. 1990).  If a defendant is not served within 90 days after the complaint is filed, the court must dismiss the action without prejudice

against that defendant or order that service be made within a specified time.  Fed. R. Civ. P. 4(m).

Under Rule 4 of the Federal Rules of Civil Procedure, a corporation in a United States judicial district must be served either

> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant.

Fed. R. Civ. P. 4(h)(1).  Under Rule 4(e)(1), service may be effected by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."  Fed. R. Civ. P. 4(e)(1).

Texas law authorizes service on a corporation through the corporation's registered agent, president, or vice president.  Tex. Bus. Orgs. Code §§ 5.201; 5.255(1).  If a corporation fails to appoint or does not maintain a registered agent in the state, or the registered agent cannot be found with reasonable diligence at the corporation's registered office, service may be effected by serving the secretary of state.  Id. §§ 5.251(1), 5.252.

Here, the record shows that Summons were issued to Ms. Moore, who serves as Defendant's outside counsel.  Ms. Moore is not Defendant's registered agent, president, or vice president under Texas law, nor is she "an officer, a

3

managing or general agent, or any other agent authorized by appointment or by law to receive service of process" on behalf of Defendant under Rule 4(h)(1)(B). Plaintiff has thus failed to properly serve Defendant under Rule 4.  See Chhim v. Huntleigh USA Corp., No. 4:13-cv-3261, 2014 WL 801023, at *2–3 (S.D. Tex. Feb. 28, 2014) (finding service insufficient where summons was mailed to outside counsel rather than the corporate defendant's registered agent or other individual with authority to accept service). Because Plaintiff filed his complaint on June 10, 2015, the deadline for serving Defendant under Rule 4(m) expired on September 8, 2015.  Plaintiff has not responded to Defendant's Motion, which was itself filed three months ago, and has thus failed to show good cause for his failure to effect timely service.  Having had ample time to either effect service or show good cause for his failure to do so, the Court finds that Plaintiff's action should be dismissed without prejudice under Rule 4(m).

## CONCLUSION

For the foregoing reasons, the **GRANTS** Defendant's Motion to Dismiss for Insufficient Service (Dkt. # 6) and **DISMISSES** Plaintiff's action **WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

**DATED:** San Antonio, Texas, October 19, 2015.

_____

David Alan Ezra
Senior United States Distict Judge